Turley, J.
delivered the opinion of the court.
This bill is filed by the complainant against the defendant Dooly for an account as guardian. The account is resisted upon the ground that the bond is so defective, that no decree can be pronounced upon it. It appears that at the June Term, 1833, of the county court of Maury, Esom B. Dooly was appointed guardian of the minor heirs of Levi Ferrell, deceased, and entered into bond with Benj. B. Smith and Hugh B. Porter, as his securities for the performance of his trust. The bond is made payable to the justices of the county, instead of the chairman of the county court and his successors in office. Is this defect fatal? We hold that it is not.
In the case of Armstead, administrator vs. Bozman, No. Car. Rep. Iredell’s Equity, 117, the guardian bond was made *111 payable to James Jones, Esq., and the rest of the justices assigned to keep the peace for Washington county, and it was held “that this was a mistake of fact, and not of law; and that inasmuch as the paper writing, purporting to be a bond had been declared to be a nullity at law in consequence of its being made payable to the justices of the county, the ward for whose benefit the bond was intended to be taken had a right to call in a court of chancery upon those who signed as sureties, as well as upon the principal, and make them answerable for whatever might appear to be due the ward on settlement of the guardian’s account, to the same extent to which they would have been liable if the bond had been good and available at law.”
In the case of Winan vs. Blackly, 1st John. Chan. Rep. 607, it is held, that where a bond, given by a surety for the guardian of an infant-, was taken by the surrogate in the name of the people instead of the infant, the court corrected the mistake, and considered the bond of equal validity as if taken in the name, of the infant.
These two cases are directly in. point upon the question involved in the present case, and we are well satisfied that they are, upon principle, correctly decided.
The form of the bond then, in this case, is not in the way of the relief granted by the chancellor, and there being no other objection to this decree, the same will be affirmed.